MEMORANDUM **
Paul Deavenport appeals pro se from the district court’s order dismissing his 42 U.S.C. § 1983 action alleging constitutional violations and fraud in connection with an arbitration proceeding before the Ventura County Bar Association. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the dismissal based on judicial immunity, Harvey v. Waldron, 210 F.3d 1008, 1011 (9th Cir.2000), and we affirm.
The district court properly dismissed Deavenport’s section 1983 claims against defendants Bolker and Andrews, the administrator of the arbitration program and the arbitrator, respectively, for failure to allege that they acted beyond the scope of their jurisdiction. See Cal. Bus. & Prof.Code § 6200(f) (providing that “an arbitrator or mediator, as well as the arbitrating association and its directors, officers, and employees, shall have the same immunity which attaches in judicial proceedings”); Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986) (concluding that plaintiffs failure to allege that a judicial officer acted “beyond the scope of the court’s jurisdiction” justifies dismissal).
The district court properly dismissed Deavenport’s section 1983 claims against defendant Winley because Deaven-port made no allegation that Winley, Deav-enport’s former client and a private litigant in the arbitration, was acting under color of state law. See Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir.1986) (“To make out a cause of action under section 1983, plaintiffs must plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes.”).
Deavenport has waived any challenge to the district court’s dismissal of his state law claims, as he failed to raise this issue in his opening brief. See Miller v. Fairchild Indus., Inc., 797 F.2d 727, 738 (9th Cir.1986) (“The Court of Appeals will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant’s opening brief.”).
To the extent Deavenport’s motion filed June 3, 2008, requests leave to file late the Table of Authorities to his Reply Brief, we grant his request and instruct the clerk to file the Table of Authorities. To the extent Deavenport’s motion requests leave to file a second reply brief, his request is denied. See 9th Cir. R. 28-5 (“If multiple answering briefs ... are filed, an appellant ... is limited to filing a single brief in response to the multiple briefs.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provid-edby 9th Cir. R. 36-3.